UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BROOKS OLDS, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PELLA CORPORATION, <br><br> Defendant. | Case No.: 4:21-cv-04123 <br><br> Judge |

## NOTICE OF REMOVAL

Defendant Pella Corporation ("Pella"), by and through its attorneys Faegre Drinker Biddle & Reath LLP, respectfully removes the above-captioned matter from the Circuit Court of McDonough County, Illinois, to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of its Notice of Removal, Pella states as follows:

**I.     Procedural History**

1.     On March 3, 2021, Plaintiff Brooks Olds filed his Complaint against Pella in the Circuit Court of McDonough County, Illinois, alleging a putative class action for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.  Plaintiff served Pella with the Summons and Complaint on June 21, 2021.

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Pella is attached hereto as Exhibit A.

3.     Pursuant to 28 U.S.C. § 1446(b)(1) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), Pella has timely removed this action because this Notice of

Removal is filed within 30 days after Pella's receipt of service of the initial pleading setting forth the claims for relief upon which the action is based.

## II.  This Court has Complete Diversity Jurisdiction.

4. This Court has complete diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. Plaintiff alleges he was a citizen of the State of Illinois when he filed the Complaint. Compl. ¶ 1. Plaintiff worked for Pella from November 11, 2019, to December 15, 2020. (Exhibit B (Decl. of C. Thoele), ¶ 5). On information and belief, he remains a citizen of the State of Illinois at the time of removal. *See id.*

6. Pella was at the time the Complaint was filed and remains at the time of removal a corporation incorporated under the laws of the State of Iowa. (*Id.*, ¶ 3). Its principal place of business is in Pella, Iowa, because its headquarters, which is the location from which company officers and top management provide direction to the rest of the organization, is in Pella, Iowa. (*Id.*, ¶ 4). Accordingly, Pella is a citizen of Iowa.

7. The amount in controversy exceeds $75,000 because Plaintiff seeks a statutory penalty for "each . . . violation" of up to $5,000, and because Plaintiff alleges that "[e]ach time [he] began his workday," he was "required to scan his face using [a] biometric device," in violation of BIPA. (Compl. ¶¶ 32, 36, 51, Count II). As noted above, Plaintiff worked for Pella from November 11, 2019, to December 15, 2020. Based on this approach, even the most conservative estimate would have Plaintiff "using [a] biometric device" well in excess of the 16 times necessary to exceed the jurisdictional amount-in-controversy threshold (i.e., 16 * $5,000 = $80,000). Additionally, Plaintiff pleads violations of multiple BIPA provisions (*id.*, Counts I and III), which further increase the amount in controversy.

**III.     This Court has Jurisdiction under the Class Action Fairness Act of 2005.**

8.    This Court also has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

9.    CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

10.   Plaintiff alleges Pella "requir[ed]" its employees "to be scanned," and then used "biometric information captured from those scans, and data derived therefrom, to identify the employee and track employee temperature scans." (Compl. ¶ 45). Plaintiff also alleges Pella "required" employees to "scan their face into one of [Pella's] biometric devices when they arrive for work." (Compl. ¶ 46). Plaintiff seeks to represent a class of "[A]ll persons who were enrolled in the biometric scanning system and subsequently used a temperature scanning device while employed/working for [Pella] in Illinois[.]" (Compl. ¶ 64). Pella has employed over 500 people at its facility in Macomb, Illinois, during the past year, the approximate time period during which temperature check devices were in use there. Thus, the aggregate number of members in the proposed class exceeds 500 people. (Decl. of C. Thoele at ¶¶ 6, 7, Ex. B).

11.   Plaintiff seeks $5,000 in statutory damages for each of three separate claims under BIPA. (Compl. Count I, ¶ 77; Count II, ¶ 87; Count III; ¶ 96). Even assuming each putative class member can recover only $5,000 for each claim, the total amount in controversy exceeds $5,000,000. ($5,000 per claim * 3 claims * 500 class members = $7,500,000).

12. The parties in this action are minimally diverse for the reasons set forth above.

13. Thus, the requirements of CAFA are satisfied and this Court has original jurisdiction.

## IV. Venue Is Proper Here.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for that district and division embracing the place where the state court action is pending.

15. Pella reserves the right to amend or supplement this Notice of Removal.

16. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of McDonough County and is being served on Plaintiff.

17. Pella submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff pled claims upon which relief can be granted.

Dated: July 21, 2021

FAEGRE DRINKER BIDDLE & REATH LLP

s/*Gregory P. Abrams*
Gregory P. Abrams, #6280767
 gregory.abrams@faegredrinker.com
311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501

CERTIFICATE OF SERVICE

The undersigned attorney hereby states that on July 21, 2021, he filed the foregoing document using the CM/ECF Filing System, which will send an email notification to the attorneys listed below. The foregoing document will also be served via overnight delivery upon all attorneys of record.

Brandon M. Wise - IL Bar # 6319580
Paul A. Lesko - IL Bar # 6288806
**PEIFFER WOLF CARR KANE & CONWAY, LLP**
818 Layfayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: plesko@peifferwolf.com

*Counsel for the Plaintiff and the Putative Class*

    s/    *Gregory P. Abrams*